**In the Matter of Catherine Lee SZEMAN, Debtor.**

**Gary L. FANCHER, Plaintiff,**

v.

**Catherine Lee SZEMAN, Defendant.**

**Bankruptcy No. 3–84–01014.**
**Adv. No. 3–84–0219.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 28, 1985.

Alfred McCray, Dayton, Ohio, for debtor.

Alfred Wm. Schneble, III, Kettering, Ohio, for complainant.

Thomas R. Noland, Dayton, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Presently before the Court are the Complaint Objecting to Discharge filed by Plaintiff Gary L. Fancher on August 7, 1984, and the Motion to Dismiss filed by Debtor-Defendant Catherine Lee Szeman on August 21, 1984. The Court considered this matter at a pretrial conference on October 15, 1984 and at a trial on January 23, 1985.

On September 27, 1983, Szeman while driving her car ran a stop sign and struck Fancher who was riding his motorcycle. Fancher was injured. Szeman was found guilty of negligent driving by the local Municipal Court and was ordered to make restitution to Fancher. Since she had been driving without automobile insurance coverage, the Ohio Bureau of Motor Vehicles suspended her license in January, 1984, pursuant to the Ohio Financial Responsibility Act, O.R.C. § 4509.01 et seq.

On March 6, 1984, Szeman went to Fancher's attorney's office to discuss her restitution to Fancher. This meeting resulted in a letter signed by the attorney stating that a "temporary arrangement" had been made, pending further settlement negotiations. Szeman never signed this letter/agreement, but made an initial payment of $50.00. Szeman immediately took this letter to the Bureau of Motor Vehicles in Columbus, Ohio, and regained her driving license.

In a letter dated March 12, 1984, Fancher's attorney advised Szeman that the total damages to be paid as restitution was $5,982.00, prior to commencing other legal proceedings. The letter offered Szeman the option of using a payment plan in light of her economic plight.

Szeman did not respond and Fancher filed suit in state court on April 27, 1984, seeking damages of $8,464.

On May 9, 1984, Szeman filed a voluntary petition for Chapter 7 relief in bankruptcy. She listed $12,235.60 as her total debts, $8,464 of which was to Fancher and $2,500 of which was to Fancher's insurance company.

Fancher claims that Szeman perpetrated fraud on him by agreeing to settle the personal injury action in exchange for documentation so that she could regain her license, and then by filing her petition in bankruptcy. Thus he seeks to have his debt declared nondischargeable pursuant to 11 U.S.C. § 523.

Szeman counters that she made a good faith effort to resolve their differences, but after learning the total amount of restitution to be paid she had no alternative but to file her petition for relief. She further claims that there was never a meeting of the minds as to a final settlement and that when she agreed to the temporary settlement, she was without counsel.

It is axiomatic that the plaintiff carries the burden of proof to show the fraud necessary to declare a debt nondischargeable. Upon careful review of the evidence, I am constrained to find that Fancher has not met his burden of proof as to Szeman's intent to defraud. Thus, Szeman's debt to Fancher is dischargeable.

In particular, the Court notes that Szeman never signed the temporary settlement agreement; that she was without the benefit of counsel while negotiating in March; and, that she only filed her petition after being sued in state court.

However, conformably to prior decisions of this Court, Fancher may report Szeman's failure of restitution to the Ohio Bureau of Motor Vehicles if no monetary collections from debtor are attempted or effected thereby. *See, In re Hinders,* 22 B.R. 810, 9 B.C.D. 655 (Bankr. S.D. Ohio 1982).